# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| RODNEY CLEMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 17-cv-00132 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| WEXFORD HEALTH SOURCES, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendant Funk's motion to dismiss [52] is denied. See the accompanying Statement for details.

## STATEMENT

Before the Court is a motion to dismiss filed by Defendant Dr. Arthur Funk pursuant to Federal Rule of Civil Procedure 12(b)(6). For purposes of this motion, the Court accepts the facts alleged in the amended complaint as true and views them in the light most favorable to the plaintiff. *See, e.g.*, *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009).

As alleged, Plaintiff Rodney Clemons is an inmate at Stateville Correctional Center ("Stateville"). Prior to his incarceration, Clemons "suffered a severe injury to his right foot." (Am. Compl. ¶ 14, Dkt. No. 21.) Due to his injury, Clemons wore custom-fitted therapeutic shoes, which alleviated his pain and increased his mobility. (*Id.* ¶¶ 16–17.) Once he began serving his term of imprisonment, however, Clemons was unable to continue wearing custom-fitted therapeutic shoes. (*Id.* ¶ 19.) Initially, Clemons was provided with generic therapeutic shoes that were at least somewhat effective in relieving his pain and increasing his mobility, but at some point he stopped receiving even those shoes. (*Id.* ¶¶ 20–22.)

Beginning in 2011, Clemons began requesting to see a podiatrist so that he could again be fitted for custom-fitted therapeutic shoes. (*Id.* ¶ 24.) On September 23, 2014, Defendant Dr. Saleh Obaisi[1] agreed that Clemons needed custom-fitted therapeutic shoes and ordered that he be provided such shoes. (*Id.* ¶ 26.) To this day, Clemons has not received his prescribed shoes despite repeatedly informing medical staff at Stateville of his need and Dr. Obaisi's order. (*Id.* ¶¶ 26, 31–38.) As a result, Clemons has experienced constantly daily pain, decreased mobility, and a negative impact on his quality of life. (*Id.* ¶ 47.)

---

[1] Dr. Obaisi is now deceased, and Ghaliah Obaisi, as the Independent Executor of his estate, has been substituted in his place. (Dkt. No. 38.)

Clemons has filed the present lawsuit pursuant to 42 U.S.C. § 1983, alleging that those involved with his medical care at Stateville have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by failing to provide him with custom-fitted therapeutic shoes. Dr. Funk, Medical Director for Stateville, now moves to dismiss the counts asserted against him. (Dkt. No. 52.) Dr. Funk claims that the amended complaint contains insufficient factual allegations concerning his personal involvement in depriving Clemons of his therapeutic shoes to state a claim upon which relief may be granted. The amended complaint contains a single paragraph concerning Dr. Funk's involvement, which alleges that Clemons wrote to Dr. Funk requesting his assistance in obtaining the therapeutic shoes ordered by Dr. Obaisi but never received a response. (Am. Compl. ¶ 33.)

To survive a motion brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

To be held liable under § 1983, "the individual defendant must have caused or participated in the constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotation marks omitted). Where the defendant is a supervisor like Dr. Funk, to establish the requisite personal involvement, "the supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (internal quotation marks omitted).

According to Dr. Funk, the amended complaint's single allegation that Clemons sent Dr. Funk a letter seeking his assistance in obtaining therapeutic shoes is insufficient to show Dr. Funk's personal involvement in depriving Clemons of his Eighth Amendment right to be free of cruel and unusual punishment. Viewing this fact in the light most favorable to Clemons, as the Court must at this stage, it is reasonable to infer that Dr. Funk received and read Clemons's letter and nonetheless declined to act on his request for therapeutic shoes. This is sufficient to show that, at a minimum, Dr. Funk knew that Clemons was being deprived of a medical need and turned a blind eye toward that deprivation. Furthermore, the amended complaint alleges that Dr. Funk, as Stateville's Medical Director, oversaw the medical staff at the prison and had the authority to approve Clemons's request. It is reasonable for the Court to infer from Dr. Funk's position that he was aware of Clemons's numerous requests to Stateville medical staff for therapeutic shoes and therefore bears some responsibility for the fact that his requests remain unfulfilled. *See Myrick v. Anglin*, 496 F. App'x 670, 675 (7th Cir. 2012);[2] *Hardy v. Wexford Health Sources, Inc.*, No. 12 C 6554, 2015 WL 1593597, at *8 (N.D. Ill. Apr. 2, 2015).

---

[2] *Myrick* is an unpublished Seventh Circuit order issued after January 1, 2007. Although not precedential, the order's statement that responsibility for the deprivation of a serious medical need may be inferred based on a prison official's position is supported by citations to pre-*Iqbal* and *Twombly* Seventh Circuit precedent. The Seventh Circuit's citation of that precedent in a relatively recent opinion persuades this Court that the precedent remains good law today.

Dr. Funk points to two decisions that he contends establish that a single letter, without more, is insufficient to show an official's personal involvement in a constitutional deprivation. However, both those cases are distinguishable from the present facts. In *Sharif v. Ghosh*, No. 12 C 2309, 2013 WL 228239 (N.D. Ill. Jan. 18, 2013), the prisoner wrote to the Chief Executive Officer ("CEO") of the company that provided medical services to the prison. The Court held that this single letter was insufficient to establish the CEO's awareness of the prisoner's serious medical condition because the letter indicated "only a difference of opinion between the doctors and Plaintiff as to his condition and how best to treat it." *Id.* at *5. Here, Dr. Obaisi agreed with Clemons that the shoes were necessary and Clemons's letter to Dr. Funk informed Dr. Funk of Dr. Obaisi's order. And in *Williams v. Carter*, No. 12 C 50140, 2012 WL 4815476 (N.D. Ill. Oct. 10, 2012), the prisoner wrote a letter to the company providing medical services to the prison complaining of his doctor's unprofessional conduct. Yet the Court found that this letter was not enough to trigger liability on the part of the company because the company was "too far removed from the day-to-day, individual prisoner medical care to be responsible for the plaintiff's medical care." *Id.* at *4. By contrast, here, Dr. Funk was responsible for overseeing the medical staff at Stateville and had authority to authorize treatment for inmates. In short, the outcome of the cases cited by Dr. Funk turned on their particular facts. They do not stand for a general proposition that a single letter is insufficient to trigger liability.

On the other hand, the facts in *Smith v. Schicker*, No. 16-cv-1877, 2016 WL 4493512 (N.D. Ill. Aug. 25, 2016), are far more similar to those here. In that case Dr. Funk sought to dismiss claims against him, arguing that the facts failed to establish his personal involvement. There, in the sole allegation relating to Dr. Funk, the prisoner sent a letter to the Agency Medical Director—not Dr. Funk—and received a response back that copied Dr. Funk. *Id.* at *1. The Court held that "the letter suggesting Funk was part of the team of health care professionals responsible for Smith's care," together with Dr. Funk's position as Regional Medical Director, provided "a sufficient basis for the inference that Dr. Funk bore some personal responsibility for the alleged inadequate care." *Id.* at *2. Dr. Funk asserts that the fact that the prisoner in *Smith* actually received a response distinguishes it from the present facts. But the prisoner in *Smith* did not receive a response from Dr. Funk. Instead, Dr. Funk was simply copied on the response, which the *Smith* court found sufficient, along with Dr. Funk's position, to allow for the inference of Dr. Funk's personal involvement. Similarly, here, Dr. Funk's position, combined with the fact that Clemons sent a letter directly to Dr. Funk requesting Dr. Funk's assistance in obtaining his prescribed custom-fitted therapeutic shoes, is sufficient for this Court to infer that Dr. Funk was at least partly responsible for Clemons's inadequate medical care. Therefore, Clemons has sufficiently stated a claim against Dr. Funk and his motion to dismiss is denied.

Dated: March 16, 2019

Andrea R. Wood
United States District Judge

3