043294/19344/MHW/JJL/SLB

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RODNEY CLEMONS,<br><br>              Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., GHALIAH OBAISI, as the Independent Executor of the Estate of SALEH OBAISI, DR. ARTHUR FUNK, RANDY PFIESTER, NICOLE DUFFIELD, JOHN BALDWIN and STEVE MEEKS,<br><br>              Defendants. | Case Number 17 cv 132<br><br>Honorable Judge Andrea R. Wood |

## MOTION FOR SUMMARY JUDGMENT

Defendants, WEXFORD HEALTH SOURCES, INC., ARTHUR FUNK, M.D. and GHALIAH OBAISI, as the Independent Executor of the Estate of SALEH OBAISI ("Wexford Defendants"), by and through their attorneys, Matthew H. Weller, Joseph J. Lombardo and Sandra L. Byrd of CASSIDAY SCHADE LLP, and for their Federal Rule of Civil Procedure 56 Motion for Summary Judgment, hereby states as follows:

      1.      Wexford Defendants incorporates their Local Rule 56.1 Statement of Undisputed Material Facts ("SOF") and Memorandum of Law in Support of their Federal Rule of Civil Procedure 56 Motion for Summary Judgment ("Memorandum of Law") as though fully set forth herein. Wexford Defendants' SOF and Memorandum of Law demonstrate that each Wexford Defendant is entitled to summary judgment and should be dismissed with prejudice from this suit.

      2.      On March 6, 2018, Plaintiff, RODNEY CLEMONS, filed his Amended Complaint in which he alleges each Wexford Defendant acted with deliberate indifference to his

serious medical needs while Plaintiff was incarcerated at Stateville Correctional Center. ("Stateville").

3. Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). After a motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). A party can only successfully oppose summary judgment "when it presents definite, competent evidence to rebut the motion." *Essex v. United Parcel Serv. Inc.,* 111 F.3d 1304, 1308 (7th Cir. 1997).

4. Plaintiff has failed to present any evidence to support a claim of deliberate indifference against any of the Wexford Defendants. It is undisputed that correctional officials are prohibited from acting with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to prove a claim of deliberate indifference against a correctional official, however, the inmate must prove that he had an objectively serious medical condition and that the defendant was subjectively aware of and consciously disregarded the inmate's objectively serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

5. With respect to the subjective component of the deliberate indifference test, the inmate must establish that each defendant actually knew that the inmate needed treatment for an objectively serious medical need or risk but nevertheless purposely and deliberately withheld the treatment. *Sellers v. Henman*, 41 F.3d 1100, 1103 (7th Cir. 1994).

6. Deliberate indifference constitutes unnecessary and wanton infliction of pain, which is "repugnant to the conscience of mankind," or which is "so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness."

2

*Estelle* at 106-07. Negligence, gross negligence, or even tortuous recklessness is not enough. *Id.* Furthermore, "a prisoner's Eighth Amendment right is violated <u>only</u> when the treatment he receives is 'blatantly inappropriate.' A prisoner with a serious medical need receives blatantly inappropriate medical treatment if he is 'literally ignored,' or if the treatment he does receive is such that 'no minimally competent professional would have so responded under those circumstances.'" *Johnson v. Obaisi*, 2020 U.S. Dist. LEXIS 13661 (N.D. Ill. Jan. 28, 2020) (emphasis added) (internal citations omitted).

7. Plaintiff has failed to produce any evidence sufficient to show that any of the individual Wexford Defendants was deliberately indifferent to his serious medical need. The medical evidence produced in this case establishes that Plaintiff received prompt, continuous and adequate medical treatment that complies with community medical standards. Plaintiff has not produced any evidence that demonstrates his ability to prove to a jury that any of the Wexford Defendants medical treatment was blatantly inappropriate, would shock the conscience or be intolerable to fundamental fairness.

8. Likewise, Plaintiff's *Monell* liability claim against Wexford fails as a matter of law. Private corporations acting under color of state law may be held liable pursuant to §1983 for injuries resulting from unconstitutional policies or practices. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). In order to recover against a corporate defendant under § 1983, a plaintiff must show that an unconstitutional policy or widespread practice exists and that deliberate indifference occurred because of that unconstitutional policy or widespread practice. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986).

9. Furthermore, Plaintiff's claim for injunctive relief fails as a matter of law. Plaintiff has received the medical care he requested and therefore his prayer for injunctive relief is moot and that claim should be denied. *Powell v. Godinez*, 1997 U.S. Dist. LEXIS 14852, at *7 (N.D. Ill. Sept. 24, 1997).

10. Finally, Plaintiff has failed to put forth any evidence that would allow him to recover punitive damages. Punitive damages may be awarded under §1983 only "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Schaub v. VonWold*, 638 F.3d 905, 922-23 (8th Cir. 2011).

11. The uncontroverted evidentiary record reveals that the medical treatment Plaintiff received from each of the Wexford Defendant's did not rise to the level of deliberate indifference. As such, there are no genuine issues of material fact and each of the Wexford Defendants is entitled to summary judgment as a matter of law.

WHEREFORE, Defendants WEXFORD HEALTH SOURCES, INC., DR. ARTHUR FUNK and GHALIAH OBAISI, as the Independent Executor of the Estate of SALEH OBAISI respectfully requests that this Court enter an Order granting their Motion for Summary Judgment, dismissing this suit with prejudice, and granting any other relief this Court deems just and appropriate.

Respectfully submitted,

WEXFORD HEALTH SOURCES, INC., ARTHUR FUNK, M.D., GHALIAH OBAISI, as the Independent Executor of the Estate of SALEH OBAISI

By: /s/ *Sandra L. Byrd*

Matthew H. Weller, ARDC No. 6278685

4

                              Joseph J. Lombardo, ARDC No. 6306466
                              Sandra L. Byrd, ARDC No. 6237865
                              CASSIDAY SCHADE LLP
                              222 West Adams Street, Suite 2900
                              Chicago, IL 60606
                              (312) 641-3100
                              (312) 444-1669 – Fax
                              mweller@cassiday.com
                              jlombardo@cassiday.com
                              sbyrd@cassiday.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2022 I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ *Sandra L. Byrd*

11024142